52  421
67  276

## HORACE STAPLES'S APPEAL FROM PROBATE.

The statute (Gen. Statutes, p. 392, sec. 28,) provides that executors and administrators shall have possession and control of the real estate of decedents during the settlement of the estate, but that the probate court may during the settlement order the surrender of it to the heirs or devisees, or a distribution. The statute then proceeds as follows:— "But the husband of any decedent shall not be deprived of his right as tenant by the curtesy, nor of the possession and control of the estate of his deceased wife, nor of the income thereof, during the settlement of the estate." Held that the object of the provision was to protect the rights of the husband as tenant by the curtesy, and not to create new rights.

The act of 1882 (Session Laws of 1882, p. 210, sec. 1,) provides that the probate court may, during the settlement of an estate, order a "partition" where any person shall die "owning real estate or any interest therein." Held to mean a partition in the ordinary legal sense, and not a distribution, and that the act was intended to apply solely to cases where an estate held an interest in land as tenant in common.

[Argued October 29th—decided November 9th, 1884.]

APPEAL from a probate decree ordering a distribution of the real estate of Charry Staples during the settlement of her estate; taken to the Superior Court. The appellant

was the husband of the intestate and administrator of her estate. The facts were found by a committee and the decree of the probate court affirmed, (*Beardsley, J.*) The appellant appealed to this court. The case is sufficiently stated in the opinion.

*J. B. Curtis* and *E. W. Seymour*, for the appellant.

*A. S. Treat* and *C. Sherwood*, for the appellees.

LOOMIS, J. The appellant as administrator of the estate of his deceased wife seeks to set aside the decree of the probate court ordering and directing that the real estate of the deceased be distributed before the final settlement of the administration account.

The decree in question was made pursuant to the provisions of section 28, page 392, of the General Statutes, (Revision of 1875), which in express terms authorizes the probate court to order such distribution during the settlement of the estate. The language used in assigning the error indicates that the appellant then intended to claim that the order of distribution was illegal, not only because it was made during the settlement of the estate, but also because it conflicted with his rights as husband.

The closing part of the section referred to very naturally suggested the last mentioned claim : "But the husband of any decedent shall not be deprived of his right as tenant by the curtesy, nor of the possession and control of the estate of his deceased wife, nor of the income thereof, during the settlement of her estate."

A reference to the history of the legislation on this subject will render it clear, we think, that the only object of this provision was to protect the rights of a husband who was tenant by the curtesy. In 1855 (Session Laws of that year, ch. 56, p. 70,) the legislature for the first time provided that executors and administrators should have the possession, care and control of the real estate of decedents in the same manner as of the personal estate, but

reserving to the court of probate the right to order its surrender or to make distribution during the settlement; and so the law remained without any important change till the year 1869, when in order to make it consistent with the rights of tenants by the curtesy, it was provided that the above provisions " shall not be construed so as to deprive a husband, being tenant by the curtesy, of the possession, care and control of the real estate of his deceased wife, nor of the rents, income and products thereof, during the settlement of the estate of such deceased wife, but such husband shall have the same rights therein as if said act had not been passed." Had this language been retained a doubt as to the meaning would have been impossible; but the revisers, in condensing all these provisions into one section, changed the language as above cited. It seems to us that no such radical change of meaning as the claim involves could have been intended, but that the object of the provision as revised was the same precisely as before, namely to protect existing rights, not to create new ones. The subject matter is still the right of a tenant by the curtesy and the form of language is still plainly protective in meaning. The words, "shall not be deprived," imply a pre-existing right, and they apply as well to " possession," " control" and " income," as to the words " his right as tenant by the curtesy." As the appellant is not a tenant by the curtesy he has no rights that are affected by the decree complained of.

But the objection we have been considering, though the only one suggested by the assignment of errors, was not urged at all in the argument on behalf of the appellant before this court. Instead of asking us to construe the act referred to as denying the right of the probate court to make distribution so as to deprive a surviving husband of the possession as administrator during the settlement, the broad claim was made that the act had been entirely repealed by that of 1882. Session Laws of 1882, chapter 130, page 210.

The first section of this act is as follows:—" When any

person shall die, owning real estate or any interest therein, the court of probate in which the estate of such deceased person is in course of settlement, may, upon the petition in writing of the executor or administrator of such estate and the owner or owners of such estate representing and owning the major interest therein, order partition of the same; and may appoint a committee for such purpose of three judicious and disinterested persons, who shall be sworn for a faithful performance of their duties, and shall make return of their doings to said court according to the order thereof. Such partition when so made and returned to and accepted by said court, and all orders and decrees relating thereto, shall bind all persons interested therein and their heirs. The portion aparted and set to the estate of such deceased person shall be treated as if the same had been aparted and partitioned in the lifetime of such deceased person by decree of a court of competent jurisdiction."

We concede that there is a great obscurity in the language used, but still it is not beyond the possibility of rational interpretation. The difficulty arises from the inappropriate language of the first four or five lines, whereby so broad a foundation is laid for the proceedings afterwards mentioned as to make it possible to apply it to all cases where a person dies owning real estate, even in severalty; but as we proceed we discover immediately that such cannot be the idea, but that it refers to cases of joint ownership, where other persons are also interested who must unite in the petition. We next discover that the action called for on the part of the probate court is to make "partition"—a term of technical meaning in the law, which had never been applied to the ordinary distribution of an estate among the heirs entitled to it. Finally the closing sentence comes in and serves to remove all remaining doubt as to the nature and object of the proceeding. "The portion aparted and set to the estate of such deceased person shall be treated as if the same had been aparted and partitioned in the lifetime of such deceased person by decree of a court of competent jurisdiction." This shows very clearly that the act has no

application to. the ordinary case of distributing the estate among the heirs entitled to it, but that its principal scope and purpose is to separate the interest of the estate from a common ownership with other persons who are strangers to the estate.

Our conclusion is that the provisions referred to in the General Statutes were not repealed by the act of 1882, and that the decree founded thereon was valid.

There was no error in the judgment of the Superior Court affirming the decree and order of the probate court.

In this opinion the other judges concurred.